# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAD BE GONE, | ) |
| Plaintiff, | ) 2:23-cv-2108 |
| v. | ) |
| GOLDEN PHEASANT SPORTSMEN, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Defendant's motion to dismiss, which Defendant requested be converted to one for summary judgment (ECF 33).[1] The motion is fully briefed (ECF 34, ECF 37, ECF 38, ECF 39, ECF 41, ECF 42), and so it is ready for disposition. After careful consideration, for the reasons below, the Court will **DENY** Defendant's motion without prejudice.

## DISCUSSION & ANALYSIS

Lead Be Gone, an environmental group, brings claims under the Resource Conservation and Recovery Act (RCRA), the Clean Water Act (CWA), the Clean Streams Law of Pennsylvania (CSL), and the Hazardous Site Cleanup Act of Pennsylvania (HSCA).

Golden Pheasant, a recreational shooting range, makes three main arguments in its summary-judgment motion: (1) the RCRA and the CWA do not apply to Golden Pheasant as a matter of law because the statutes have no relation to non-profit shooting ranges; (2) because these federal statutes do not apply, this Court lacks

---

[1] Defendant moved to dismiss, but included some evidentiary material and requested that the Court convert the motion to one for summary judgment. After that, the Court gave Plaintiff notice of its intent to do so, and an opportunity to submit additional factual material. ECF 40.

jurisdiction over the Pennsylvania state-law claims (HSCA and CSL); and (3) the RCRA does not apply because Golden Pheasant recycles the lead bullets at issue here. ECF 33.

To support these arguments, Golden Pheasant filed an affidavit of Jack Levy, Golden Pheasant's Corporate Secretary. ECF 35. Three exhibits are attached to the affidavit: Golden Pheasant's Articles of Incorporation dated 1957 (ECF 35, Ex. 1); Golden Pheasant's Degree of Incorporation (ECF 35, Ex. 2); two shot-zone reclamation invoices dated September 18, 2014, and August 4, 2014 (ECF 35, Ex. 3); and a Pennsylvania Department of Environmental Protection General Inspection Report dated June 16, 2021 (ECF 35, Ex. 4).

Lead Be Gone argues that the Jack Levy affidavit and attached exhibits do not establish that Golden Pheasant is a non-profit, nor that Golden Pheasant engages in regular recycling on the property. ECF 41. Lead Be Gone filed a declaration in opposition in which it asserts that discovery is needed because the character of Golden Pheasant's establishment and the extent of Golden Pheasant's lead bullet reclamation efforts need additional factual development, and are still disputed. *Id.* After careful consideration, the Court agrees with Lead Be Gone that discovery is needed before the Court can resolve the motion.

Under Federal Rule of Civil Procedure 56(d), which governs summary-judgment motions, "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it; or . . . allow time to obtain affidavits or declarations or to take discovery."

Here, Lead Be Gone has pointed out that more facts are needed about Golden Pheasant's non-profit status and recycling of lead bullets on the property in order to justify Lead Be Gone's opposition. ECF 41. Further, this information is not within Lead Be Gone's control, and so it does not have the opportunity to present essential

- 3 -

facts to oppose the motion.[2]  The Court agrees that more discovery is necessary at this stage, especially as to facts related to the extent of Golden Pheasant's recycling on the property. *See Zeno v. Ford Motor Co.*, 480 F. Supp. 2d 825, 840 (W.D. Pa. 2007) (Conti, J.) (recognizing that granting summary judgment can be premature before the completion of discovery where the record is not yet fully developed as to material facts).

For these reasons, Golden Pheasant's motion (ECF 33) is **DENIED** without prejudice.

Date: September 18, 2025                              BY THE COURT:


                                                      /s/ J. Nicholas Ranjan
                                                      United States District Judge

---

[2] For example, Lead Be Gone's declaration reasonably states that it needs, among other things, cross-examination of Jack Levy. ECF 41 at 9. Mr. Levy submitted an affidavit with critical, yet incomplete information, on Golden Pheasant's recycling program. ECF 35, Ex. 3. This is the type of information that can only be adduced in discovery.